## No. 13,003.

SALVADOR MAFFALETTA VS. JACQUES WILDENSTEIN. IN RE JACQUES WILDENSTEIN, APPLYING FOR CERTIORARI OR WRIT OF REVIEW TO THE COURT OF APPEALS, THIRD CIRCUIT, STATE OF LOUISIANA.

Property was sold at a tax sale.

A vendor had sold the property with full warranty for a stipulated sum.

Subsequently the property was sold for taxes assessed against the vender.

The vendees brought an action in warranty against his vendor on the ground that he had been evicted from the property, demanding the restitution of the purchase price.

The Court of Appeal rendered judgment awarding him the amount claimed.

The defence of the vendor was that no eviction had taken place. In his application for writ of *certiorari* the vendor alleged " that while alleging eviction he (the vendee) fails to prove that he had ever been evicted by any alleged purchaser of the property."

*Held*—Not a case for granting the writ.

*Foster* and *Broussard* for Petitioner.

Submitted December 5, 1898.
Opinion handed down December 19, 1898.

The opinion of the court was delivered by.

WATKINS, J. On the 6th of March, 1896, Wildenstein sold to Maffaletta a lot in the town of Jeanerette, with full warranty, for the price of $360, of which $200 was paid in cash on the day of sale, and for the residue two $80 notes were executed.

On the 11th of July, 1896, said property was sold for the unpaid taxes of 1895, assessed against Wildenstein, and adjudicated to A. J. Maumhs for the price of $13.61, and the tax collector made him a

title in due form; and Maumus made a title to the original vendee, Maffaletta.

On this stats of facts Maffaletta instituted an action of warranty against his vendor, Wildenstein, on the averment that he had been evicted and dispossessed of the property by means of the tax sale; and demanded the restitution of the entire price, $360.

In his answer the defendant resisted the suit mainly upon the ground that no eviction had taken place, and the district judge so held; but, on appeal to the Circuit Court, his judgment was reversed and plaintiff awarded the entire sum demanded.

In the petition of relator this averment is made, viz.: "That while alleging his eviction, he fails *to prove he has ever been* evicted by any alleged purchaser of the property."

This is not a case for the granting of the preliminary writ of error, or review. Constitution 1898, Art. 101.

Writ refused.